Filed 7/1/25  P. v Estrada CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>RICHARD ESTRADA,<br><br>　　　Defendant and Appellant. | E083032<br><br>(Super.Ct.No. RIF088498)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed with directions.

Nicholas Seymour, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

In 2001, a jury convicted Richard Estrada of second degree robbery (Pen. Code, § 211; unlabeled statutory references are to this code) and possession of a controlled

1

substance (Health & Saf. Code, § 11350). Estrada admitted that he had five prior strike convictions (§ 667, subds. (c) & (e), 1170.12, subd. (c)), and the court found that he had two prior serious felony convictions (§ 667, subd. (a)) and had served two prior prison terms (§ 667.5, subd. (b)). The court sentenced him to 25 years to life for the robbery count and to a concurrent sentence of 25 years to life for the possession count. The court imposed an additional five years for each prior serious felony conviction and imposed but stayed the one-year terms for the prior prison term enhancements.

In June 2022, the trial court received notice from the California Department of Corrections and Rehabilitation (CDCR) that Estrada was serving a term for a judgment that included a prior prison term enhancement that is now invalid under section 1172.75. In December 2023, at a hearing that was conducted off the record but with counsel for both parties present, the court declined to resentence Estrada, finding that he was not eligible for resentencing under section 1172.75. The court then struck the prior prison term enhancements.

On appeal, Estrada argues that section 1172.75 applies to defendants who have prior prison term enhancements that were imposed but stayed. We agree. The California Supreme Court so held in *People v. Rhodius* (June 26, 2025, S283169) __ Cal.5th __.[1]

---

[1] Estrada's opening brief also argues that the 2023 abstract of judgment that was prepared after his section 1172.75 hearing contains the following clerical error: It identifies his conviction for possession of a controlled substance as a felony even though it was reduced to a misdemeanor in 2015. Estrada can raise the issue at resentencing, and the amended abstract of judgment prepared after resentencing will supersede the 2023 abstract of judgment.

DISPOSITION

The trial court's order denying resentencing under section 1172.75 is reversed. The matter is remanded to the trial court with directions to recall Estrada's sentence and resentence him under section 1172.75, subdivision (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

3